IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL DAWN BLOSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-016E |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of ) | |
| Social Security ) | |
| ) | |
| Defendant. ) | |

AMBROSE, U.S. Senior District Judge

**OPINION**
**AND**
**ORDER**

I. Synopsis

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff protectively filed her application on April 12, 2011 alleging she was disabled beginning January 1, 2006. ECF No. 7-2, 24. After Plaintiff's application was denied initially, she filed a written, timely request to have her application reviewed by an Administrative Law Judge ("ALJ"). *Id.* On September 12, 2012, Plaintiff testified at a hearing before an ALJ in Erie, Pennsylvania. *Id.* On September 19, 2012, the ALJ found that Plaintiff is not disabled under the Act. *Id.* at 38. After exhausting all administrative remedies, Plaintiff filed this action.

1

Pending before the Court are cross-motions for summary judgment. ECF Nos. [10] (Plaintiff) and [12] (Defendant). Both parties filed briefs in support of their motions. ECF Nos. [11] (Plaintiff) and [13] (Defendant). The issues are now ripe for review. After careful consideration of the submissions of the parties, and based on my Opinion as set forth below, I deny Plaintiff's motion and grant Defendant's motion for summary judgment.

II. Legal Analysis

A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "[m]ore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

To be eligible for supplemental security income ("SSI"), a plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 416.920. A Claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (Steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (Step 5).

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

B. Whether the ALJ Erred in Finding That Plaintiff's Impairments Do Not Equal Listing 12.05

Plaintiff argues that the ALJ erred in his assessment that Plaintiff's impairments do not medically equal listing 12.05 as set forth in Appendix 1, Subpart P of the Regulations, 20 C.F.R. § 404.1520, because (i) he failed to provide an adequate rationale for his ruling, and (ii) his

evaluation of Plaintiff's work-related limitations is not supported by the intellectual testing and psychological evaluations of record. Pl.'s Br. 5-13. For the reasons set forth below, I disagree.

At step three of the five-step sequential analysis, a claimant seeking benefits may establish disability if he meets or medically equals a listed impairment. 20 C.F.R. 416.920(a)(4)(iii). Listing 12.05—Intellectual Disability addresses mental retardation manifested before the age of 22. 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05. A claimant must meet one of the following sets of criteria to establish the requisite level of severity for listing 12.05:

> A. Mental incapacity evidence by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded; or B. A valid verbal, performance, or full scale IQ of 59 or less; or C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function; or D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in a least two of the following: 1. Marked restriction of activities of daily living; or 2. Marked difficulties in maintaining social functioning; or 3. Marked difficulties in maintaining concentration, persistence, or pace; or 4. Repeated episodes of decompensation, each of extended duration.

*Id*. In order for a claimant to show that her impairments medically equal a listing, she must "present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis in original), *superseded by statue on other grounds as stated in Kennedy v. Colvin*, 738 F.3d 1172, 1174 (9th Cir. 2013). "A claimant cannot qualify for benefits under the 'equivalence' step by showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment." *Id.* "The Secretary explicitly has set the medical criteria defining the listed impairments at a higher level of severity than the statutory standard [such that t]he listings define impairments that would prevent an adult, regardless of [her] age, education, or work

4

experience, from performing *any* gainful activity, not just 'substantial gainful activity.' " *Id.* at 532. "The reason for this difference between the listings' level of severity and the statutory standard is that, for adults, the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary." *Id.* Accordingly, "[a]n impairment that manifests only some of [the specified medical] criteria, no matter how severely, does not qualify." *Id.* at 530. A claimant bears the burden of proving that she meets or medically equals a listing. *Id.* at 530-31; *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir. 1992).

Plaintiff concedes that her condition does not precisely meet the requirements of Listing 12.05, but argues that the ALJ did not conduct a meaningful analysis of whether the combined effect of Plaintiff's intellectual disability and her other severe impairments medically equals the listing. Pl.'s Br. 5. I disagree. The ALJ explicitly stated that "the severity of the claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04, 12.05, and 12.06." ECF No. 7-2, 28. The ALJ then went through an analysis of each of the "paragraph B" and "paragraph D" requirements, explaining that, upon consideration of Plaintiff's activities of daily living, difficulties in maintaining social functioning, difficulties in maintaining concentration, persistence, or pace, and whether there exist repeated episodes of decompensation, he found that Plaintiff's mental impairments do not cause at least two marked limitations or one marked limitation and repeated episodes of decompensation. *Id.* The ALJ then considered the "paragraph C" criteria and explained why Plaintiff failed to meet them explaining that

> the record does not show repeated episodes of decompensation, a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate, a current history of inability to function outside a

5

> highly supportive living arrangement, or a complete inability to function independently outside the area of one's home.

*Id.* at 28-29. Contrary to Plaintiff's assertion, I find that the ALJ conducted a thorough analysis, allowing for meaningful review of his decision. Accordingly, this case is not analogous to the situation addressed in *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000), where the ALJ summarily stated that the claimant's impairments did not meet or equal the listings. Further, because the ALJ did not find anything in the record to suggest that a finding of equivalence might be reasonable, I find no error in the fact that the ALJ did not seek an updated opinion from a medical expert, as suggested by Plaintiff. Pl.'s Br. 7; *see* S.S.R. 96-6p.

Plaintiff next argues that "based on findings of intellectual testing and psychological evaluations in the record, it is reasonable to question whether Ms. Blose's work-related limitations are equivalent to someone who literally meets the requirements of Listing 12.05." Pl.'s Br. 8. Although unclear, I take Plaintiff's argument to mean that Plaintiff believes the ALJ erred because there is substantial evidence to support a finding that Plaintiff medically equals listing 12.05(C), which addresses a claimant's additional and significant work-related limitations.

At listing 12.05(C), an ALJ is instructed to consider whether Plaintiff has "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05. In support of her argument, Plaintiff argues that although she received a full scale score of 73 on her WAIS-IV intelligence testing, the report states that if "[g]iven this test 100 times, [Plaintiff's] FSIQ would likely fall into the 69-78 range of scores 95 of those 100 times." Pl.'s Br. 8; *see* ECF No. 7-8, 9. As the Third Circuit explained in *Burns v. Barnhart*,

6

312 F.3d 113, 125 (3d Cir. 2002), courts must not "read an error range of five points into the regulation [because] it would violate the plain language of the regulation." Consequently, the record supports the ALJ's conclusion that Plaintiff's full scale IQ score is not of the level of severity required by listing 12.05(C).[1] Moreover, because the medical equivalency doctrine requires that Plaintiff meet each of the criterion of a listing, Plaintiff cannot rely on the overall functional impact of her combination of impairments to establish disability under listing 12.05(C). *Sullivan*, 493 U.S. at 531; *see also Buckel v. Colvin*, Civil No. 1:13-295, 2014 WL 4792132, at *7 (W.D. Pa. Sept. 23, 2014). However, that seems to be the argument that Plaintiff makes here because she argues, *inter alia*, that her verbal limitations, social anxiety, history of depression following sexual abuse as a child, an abusive marriage which ended in divorce and more recently in her losing custody of her son, and past participation in special education makes up for her inability to meet the IQ requirement. Pl.'s Br. 9-13. Because overall functional impact cannot establish medical equivalency, I find no merit to Plaintiff's argument.

Further, I find substantial evidence of record to support the ALJ's conclusions at step three. Despite the aforementioned limitations, the record shows that Plaintiff was able to (i) participate in daily living activities such as perform light housework, look after her children, prepare daily meals, and go shopping two to three times a month (Exhibit C3E); (ii) function socially by spending time with her friends (Exhibit C4F); (iii) maintain concentration, persistence, and pace as exhibited by Plaintiff's use of Facebook and her "good [ability to follow instructions] once they are repeated a few times" (C4F); additionally, Plaintiff experienced no episodes of decompensation of an extended duration. ECF No. 7-2, 27. Also, despite her mental

---

[1] Similarly, Plaintiff's Verbal Comprehension Index (VCI) score of 74 does not satisfy the requirement of listing 12.05(C). The Commissioner must use the lowest of the three possible IQ scores in making a 12.05 determination. *Markle v. Barnhart*, 324 F.3d 182, 186 (3d Cir. 2003). Here, Plaintiff's full scale IQ score (73) is the lowest score.

impairments, Plaintiff did not receive any mental health treatment during the relevant time period. ECF No. 7-2, 59. Although Plaintiff testified that she was not in treatment because she did not like "opening up to people," the record supports the ALJ's finding that Plaintiff discussed private matters in her consultative examinations and shared significant personal information with her primary care physician. ECF No.7-2, 34 & 60; *see* C2A (Dr. Melcher), C5F & C8F (Dr. Bishop), and C6F (Dr. Bailey). Accordingly, I find the ALJ's decision to give the opinions of Drs. Bailey and Melcher "great weight for their consistency with the overall evidence" to be supported by substantial evidence.

I also find there is substantial evidence for ALJ's decision to give little weight to the report of Drs. Deffenbaugh and Scrimenti given the level of functioning that Plaintiff described during the exam which is consistent with the other evidence of record. *See generally* C4F. Further, in the intelligence assessment conducted one month after Drs. Deffenbaugh and Scrimenti's psychological exam, Plaintiff scored 90 (25%) on the Perceptual Reasoning Index (PRI) indicating "that her abilities of fluid reasoning, spatial processing, non-verbal concept formation, analysis of figure-group and visual-motor coordination all fall within the Average range of functioning." Exhibit C4F, ECF No. 7-8, 9. Accordingly, I find substantial evidence supports the ALJ's finding that "there is no indication [in the record] that the claimant is unable to use standardized measures of intellectual functioning due to mental incapacity." ECF No. 702, 29 (citing Exhibit C4F).

III. Conclusion

After careful consideration of the record and the submissions by both parties, for all of the foregoing reasons, I find that the ALJ's decision is supported by substantial evidence and not

otherwise erroneous. Therefore, I deny Plaintiff's motion for summary judgment and grant Defendant's motion for summary judgment. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL DAWN BLOSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 14-016E |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Commissioner of | ) |
| Social Security | ) |
| | ) |
| Defendant. | ) |

AMBROSE, U.S. Senior District Judge

## **ORDER**

AND NOW, this 30th day of September, 2014, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is Ordered that Plaintiff's Motion for Summary Judgment (ECF No. [10]) is DENIED and Defendant's Motion for Summary Judgment (ECF No. [12]) is GRANTED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Court Judge